Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LYNN SULLIVAN, | CV-2019-80-GF-BMM |
| Plaintiff, | |
| vs. | |
| | **SECOND AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA; VISTA STAFFING SOLUTIONS, INC.; STEPHEN SCHWARTZ, and NAVTEJPAL SINGH KAHLON, | |
| Defendants. | |

Plaintiff alleges as follows:

1.     Plaintiff Lynn Sullivan is an enrolled tribal member of the Blackfeet Tribe, a

citizen of the State of Montana, and a resident of Blaine County, Montana.

2. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

3. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4. Defendant Vista Staffing Solutions, Inc. is a Delaware corporation with its principal place of business in Plantation, Florida that has a contract with the United States to provide health care providers on the Fort Belknap Indian Reservation.

5. Based on information and belief, Defendant Stephen Schwartz is a is contracted to provide health care services on the Fort Belknap Indian Reservation at the Indian Health Service.

6. Based on information and belief, Defendant Navtejpal Singh Kahlon is a California resident who is contracted to provide health care services on the Fort Belknap Indian Reservation at the Indian Health Service.

7. Plaintiff filed Federal Tort Claim Act claims on May 14, 2019, and the Department of Health and Human Services received the claims on May 15,

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

2019. The government had not acted on the claims when Plaintiff fields suit, therefore Plaintiff's claims are ripe for adjudication.

9. On May 25, 2017, Lynn Sullivan presented to the Ft. Belknap IHS clinic complaining of pain in her leg.  IHS health care providers failed to diagnose the cause of her pain.

10. Lynn Sullivan returned to the Ft. Belknap IHS clinic on numerous occasions over the following weeks complaining of continued pain in her leg, pain in her back, muscle weakness and spasms, and bladder and bowel control issues. IHS health care providers failed to diagnose the cause of her pain or symptoms.

11. Eventually, IHS health care providers referred Lynn Sullivan to non-IHS health care providers in Great Falls, Montana, who performed emergency surgeries on Lynn Sullivan to save her life.

12. Lynn Sullivan eventually was referred to health care providers in Denver, Colorado to perform follow-up surgeries.

13. Lynn Sullivan continues to have pain and complications related to the failures of health care providers at the Ft. Belknap Health Center to timely

diagnose her condition or make a timely referral to outside health care providers.

14. Health care providers at the Ft. Belknap Health Center violated the standard of care beginning on May 25, 2017 when they failed diagnose Lynn Sullivan's medical condition. This failure caused Lynn Sullivan's condition to deteriorate.

15. Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and properly treat Lynn Sullivan's condition upon her presentations to the IHS beginning on May 25, 2017. The failure to assess and treat Lynn Sullivan in a timely manner caused her condition to deteriorate.

16. Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and refer Lynn Sullivan to other medical care providers upon her presentations to the IHS beginning on May 25, 2017. The failure to assess and refer Lynn Sullivan to other medical care providers in a timely manner caused her condition to deteriorate.

17. As a direct and proximate result of each of the acts and omissions of the

IHS and health care providers at the Ft. Belknap Health Center alleged in this Complaint, Lynn Sullivan suffered severe and painful injuries and has required numerous follow-up procedures.

18. Plaintiff alleges that Montana's $250,00.00 cap on non-economic damages contained in MCA §25-9-411 is unconstitutional because it violates the Montana Constitution's guarantees of (1) the right to full legal redress (Art.II, Sec. 16); (2)  her right to jury trial (Art. II, Sec. 26); (3) her right to equal protection of the laws (Art II, Sec. 4); and (4) the separation of powers (Art III, Sec. 1).

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. For judgment in such amounts as shall be proven at the time of trial.
2. For an award of attorney's fees and costs as provided by any applicable provision of law.
3. For such other and further relief as the Court deems just and equitable.

DATED this 26th day of October, 2020.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC